# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

June 8. 2005

Matthew A. Peluso
Stryker Tams & Dill, LLP
Two Penn Plaza East
12th Floor
Newark, New Jersey 07105
*Attorneys for Counterclaimant and Third-Party Plaintiff*

Mark T. McMenamy
Bressler, Amery & Ross, P.C.
P.O. Box 1980
Morristown, New Jersey 07960
*Attorneys for Counterclaim-Defendant and Third-Party Defendant*

**Re:   Video Service of America v. Maxwell Corporation of America, Inc.,
     Docket No. 04-CV-2594 (WJM)**

Dear Counsel:

     This matter comes before the Court on Third-Party Defendant Alan Dayton's motion to dismiss. Magistrate Judge Hedges issued a report and recommendation on March 23, 2005, to which no objections were filed. This Court **AFFIRMS** and **ADOPTS** the report and recommendation as modified by this opinion.

     Since the report and recommendation sufficiently sets forth the facts of this matter, the following is a brief recitation. Plaintiff Video Service of America ("VSA") filed a complaint against defendant Maxwell Corporation of America, Inc. ("MCA") alleging unlawful price discrimination and trade practices as a result of defendant's failure to give plaintiff 10% rebates given to plaintiff's competitors. (Complaint ¶¶ 9-10, 23, and 25). Defendant filed a

counterclaim and a third-party complaint alleging that VSA and VSA's president Alan Dayton fraudulently misrepresented to defendant that several branch locations were owned by VSA in order to receive discounts. (Third-Party Complaint ¶¶ 15-18). Dayton filed this motion to dismiss for lack of personal jurisdiction, and alternatively, for failure to state a claim as to various counts of the third-party complaint. Judge Hedges issued a report and recommendation that denied the motion to dismiss as it pertained to personal jurisdiction, the fraud claim in Count One, and the price discrimination claim in Count Three, and granted the motion to dismiss as to the breach of contract claim in Count Six, the breach of the implied covenant of good faith and fair dealing claim in Count Eight, the consumer fraud claim in Count Nine, and the business slander claim in Count Eleven. Neither party filed objections to the report and recommendation.

Pursuant to Fed. R. Civ. P. 53 (e)-(f), a district court shall accept the Magistrate's reported findings of fact unless clearly erroneous. See Levin v. Garfinkle, 540 F. Supp. 1228, 1236 (E.D. Pa. 1982) (citing Bennerson v. Joseph, 583 F.2d 633 (3d Cir. 1978)). The Magistrate's conclusions of law do not bind the Court; they are recommendations which the Court may consider. See In re Mifflin Chemical Corp., 123 F.2d 311 (3d Cir. 1941), cert. denied, 315 U.S. 815 (1942).

After a thorough review, this Court affirms and adopts the report and recommendation. However, this Court notes the typographical error on page 24 of the report and recommendation where it states the motion to dismiss as to Count Nine is denied. Rather, it should state that the motion to dismiss as to Count Nine is granted. Thus, this Court **AFFIRMS** and **ADOPTS** the report and recommendation as modified by the correction of the typographical error.

A separate order will be entered consistent with this letter opinion.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.

2